Good morning, your honors. Kenneth Owen for Lavon and Eva Makarian, and we'd like to reserve two minutes for rebuttal. Again, this is another forfeiture case, just as the prior one. Significantly, CAFRA applies to this case. One of the provisions of CAFRA is that the government has the burden of proof with regards to or must prove by a preponderance of the evidence that the property is subject to forfeiture. So that's a significant change in our in the claimants benefit. One of our main contentions is that the government lacks Article three standing. I know that in the summary judgment motion for the government, that's what they asserted against the Markarians. However, Article three standing is a threshold matter. The plaintiffs under Steele Co. have the burden of establishing. But counsel, this is the same question we had in the last case. They need to allege it, correct? But do they have to prove it to get in the door of the courthouse? Okay. Well, our contention is, is that they have not even alleged it. And I'll get into that in just a little bit based on, based on what their, what they've claimed, what their allegations are. I'm going to submit that they haven't even alleged it. And subject matter jurisdiction has to be maintained at every stage of the litigation. So even if they were to allege it, they would have to at least establish it by, by. But ultimately they have to prove it by preponderance of the evidence. But how is it that the government's pleading is insufficient? In what respect is the government's pleading insufficient? This is our case. All right. I mean, it comes down to the statement of the sentencing attorney that said it is likely that some of the money came from, from the crime, from Anne Hitt's crime, and that they used that money to buy the, I'm paraphrasing obviously, used some of that money to purchase the property. So the whole case comes down to that. Even if that were a fact, it's just not a judicial admission. It is a statement. The Supreme Court in Oscanion said that for an attorney's statement to be a judicial admission, it must be unguarded and must be unambiguous. Third Circuit, in interpreting this, and my circuit, as far as I can tell, hasn't interpreted the Supreme Court's Oscanion decision, but the Third Circuit said that the statement must be unequivocal. The Sixth Circuit said that an attorney's statement to be a judicial admission must be direct, clear, unambiguous, must be deliberate, clear, unambiguous. So what we have is a statement that says this, and I'll backtrack a little bit. The Sixth Circuit also said that the term probably in, that was used by the attorney, was a guarded statement. And Worcester's defines likely as probably. So what you have is a guarded statement that is ambiguous. So I don't know how, even the allegation of. Government alleges in the forfeiture petition that the property in question here was derived from criminal activity, correct? They make that allegation. Well, based on a statement that says it's likely. I understand. I mean, now you're talking about the evidence. I'm just saying, is there any ambiguity in the pleading that this particular real property was wholly or in part purchased with the proceeds of criminal activity? I think the causation from the understanding is that, okay, yeah, we have a crime. We have a piece of property that was bought. But the causation, the traceable. I'm sorry to keep bugging you about this, counsel, but I'm trying to distinguish between the adequacy of the pleading and the sufficiency of the evidence. And for standing, it seems to me you're talking about the adequacy of the pleading. The pleading has to say we are prepared to prove that this real property was acquired using the proceeds of criminal activity. That's what the pleading has to say. And then the proof standard under CAFRA is now preponderance of the evidence. Yeah. Are you saying that the – and, in fact, just – I should have mentioned this in the last case, but the statute itself says that the government can do discovery after it files its complaint. So it couldn't be that they have to prove their case in the complaint. But are you saying that the allegations as such are insufficient, irrespective of what the evidence turns out to be, that the allegations are insufficient in the complaint? I actually am saying that. Okay. All right. And what's your basis for saying that? Well, because they are saying that it is likely that some of the money came from – I mean, they're not saying that – They don't say that. They're not saying that. That's not what it says. That's the proof behind it, but that's not what it says. Okay. That's not the allegation. Well, that's the way I read it. Okay. But let's – okay. Even – again, I'm not going to concede to anything, but even if, you know, for the sake of argument, we move on. I mean, you still have to have standing at the summary judgment motion supported by – All right. So you're saying that they filed a complaint, and you're not conceding, but for the sake of discussion, we're going to get past this. They've got standing to be in court. Okay. They then say that this property was fraudulently conveyed and, therefore, is forfeitable. And your clients don't oppose that motion. Well, okay. So that determination gets made. And so they don't – Well, okay. We didn't – they were without an attorney at the time that the summary judgment motion was decided. But they have to prove by a preponderance of the evidence. So in other words, the summary judgment motion has to be made on undisputed facts as well as – No, but what I'm saying is the Government gets in the door by saying we think there's forfeitable property here. They – if the case goes to trial or it goes to a dispositive motion, they have to establish that. All right. But what happens here is the – your clients try to get in the case. The Government says, well, no, the Makarians can't get in the case because they don't own anything. This was a fraudulent conveyance. They don't oppose that. That determination gets made. And so then there's an unopposed motion for summary judgment of forfeiture. Okay. And so you're saying that the evidence is insufficient to support the unopposed summary judgment of forfeiture. Yes. They can't prevail as a matter of law. Because if you believe everything the Government said in that motion, it does not establish by preponderance of the evidence that the property is forfeitable. Yes, because the Supreme – well, what do we have? We have it's likely that some of the money – I mean, it's – well, maybe none of the money. Maybe – in other words, it's not – what can we glean from that statement? How much money has been used, if any? So I'm saying by a preponderance of the evidence, they haven't made out their case. And that's what we're challenging. We're not – you know, we're stopping it before saying that they haven't made out their case on the merits. And that also goes to standing. I mean, there's a causal link. Okay. The question is whether you have any standing to raise these questions. Well – I mean, that's the real problem. No, no. You, for all practical legal purposes, aren't here. You don't have standing. No, we – no. No, you're a fraudulent transferee. You're not in court. No, no, no. You've got to show you've got some basis to be here. So, in other words, if the government files a frivolous forfeiture action – Yeah. We can challenge – Joe Ball from the street can't come in and say it's frivolous. You've got to show you've got some basis to be here. Well, we've done that in our briefs. Okay. You're a fraudulent transferee. No, no, no. Okay. That's – okay. But again, that's after the government makes its case. Then that goes to the innocent owner defense. Okay. I don't think it does. You have to show you've got article III standing. Okay. Under California law, you don't have it. And you seem to think California law doesn't apply for some reason. Well, we have comprehensive – you know, under 1355, it's – federal courts have exclusive jurisdiction. I mean, I'm – The cases, as far as I can see, say we look to state laws that you're standing in, and you're a fraudulent transferee. Okay. Okay. So unless you can get over that, you don't have any voice. Well, but the court on its own has to determine – I mean, we don't even have to – I mean, we don't. Well, but that – I think that's what Judge Noonan was suggesting. In no disrespect to your clients, but they have exactly the same standing as Joe Smith off the street. I mean, Joe Smith off the street could say, hey, you've got some defective summary judgments in there. You better take a look at them. There's no difference legally between that hypothetical person and your clients once you have a non-appealable determination that your clients don't have standing. In our claim. We've alleged ownership. The government's admitted that we have ownership. There's – under the Ninth Circuit case law, I mean, we have standing to object, even if we were to withdraw our claim. I mean, we can challenge that. You might have had standing in the first instance, but your clients didn't oppose the summary judgment motion. The district court determined that it was a fraudulent conveyance without any assistance from your clients. But we can challenge that on appeal, I believe. I mean, that's what we're doing. We're saying the government, as a matter of law, said, yes, government, you've made your – in essence, I guess they said, well, the government, you've made your case up. But here we're in the Ninth Circuit and we're saying, well, no, we really – All right. So irrespective of whether the standing determination was correct, we can still look at the merits of the government's case? Oh, no. Absolutely not. No. I mean, you have to make a determination first of whether the government has standing. No, I'm talking about your client's standing. I'm talking about the Mercarian's standing. Before we can look at the government's motion and determine whether the district court properly granted it, we have to determine that you have a right to be here. Well, as well as the government. Okay. I would – All right. Okay. Well, but there wasn't a summary judgment motion against the government in the district court. No. So we don't have anything to look at. I mean, there was no such challenge. Your client was put to the test. The government filed a motion for summary judgment. For whatever reason, that motion was not opposed. At that point on, the ability of your client to speak in the case is curtailed. Well, the Supreme Court case, the Supreme Court, in some of the cases I did cite in my brief, said that the people opposing a summary judgment motion don't have to – don't have to respond, don't have to come back with affidavits if they're challenging the basic principle that did these guys – I'm sorry – did the government, you know, prevail to begin with as a matter of law. So if we look at the, you know, CAFRA, the heightened standing, I mean, and if we look at this one statement that the government bases this whole case on, whether it's under a standing analysis or whether it's under a merits analysis, there's no – the statement doesn't connect the property to the crime. That's what we're saying. All right. Thank you very much. Thank you. Good morning, Your Honors. Courtney Lynn from the United States. The disadvantage of going last this morning after this Court has already heard three civil forfeiture cases, all of which involve a standing issue, so I'll try to be brief. Judge Fogel made a subtle point, and I want to reinforce that. CAFRA gave some things to claimants and also took some things away. CAFRA raised the burden of proof from the old probable cause standard to the burden that an ordinary civil litigant faces, that is, the burden of coming forward with evidence or a preponderance of the evidence. The tradeoff was that the government now isn't stuck with the case that it alleged in its initial forfeiture complaint, which was the law in this circuit prior to CAFRA. As Judge Fogel pointed out, the government can, through discovery, make its case better after it files its forfeiture action. In this instance, in response to the argument that the government lacks standing, the Court has both procedural and substantive assurances here that are somewhat unique. Unlike an ordinary civil case based on notice pleading, the government's complaint is a forfeiture complaint under the admiralty rules based on pleading by particularity. The complaint is verified. The magistrate judge issued a warrant of arrest in rem based in part on the allegations in the complaint, finding probable cause to believe that the property is subject to forfeiture. And the district judge entered a certificate of reasonable cause at the end of the case. You have those procedural assurances that you would never have in an ordinary civil case. Beyond that, you have substantive assurances that Mr. Olin doesn't seem to want to have a criminal conviction. In addition to the admission of Anahit Margarian's counsel that at least some of this money is likely, or some of this property was purchased with at least some of it was purchased likely with the proceeds of fraud, you have the substantive assurance of a criminal conviction. Anahit Margarian fleeced the United States, she and her partner, of $1.2 million. Don't take my word for it. A jury found it. She had a restitution order of $850,000. Her crime spree ended in January, on January 30th, 1998, just months before she purchased this property. Her sole source of income was this criminal enterprise. These facts were alleged in the complaint. So beyond just notice pleading, beyond the government just saying that the property is subject to forfeiture because we say it's so, you have hard evidence that she engaged in fraud, she stole a lot of money from the government, she did so right before she bought this property. It was her sole source of income, and that she bought the property within months of when this fraud was detected. So you have all of those substantive assurances that, in fact, there is ample evidence both in the forfeiture complaint and in the judgment of forfeiture to support the forfeiture judgment itself. Mr. Owen continues to assert and ducts the only issue that the district judge determined, which was the standing of his clients, by saying that this Court's precedents, United States v. Ranch, located in Young, Arizona, Judge Noonan's opinion, and United States v. Vacant Land, in those cases are no longer good law. He says the reason they're no longer good law is because they're superseded by CAFTA. Mr. Owen confuses the distinction between Article III standing and forfeitability on the merits. As this Court, Judge Canby pointed out in United States v. Hooper, there are two different inquiries. State law determines whether or not you have an interest in property, whether or not you have Article III standing. Federal law determines whether or not that interest can be forfeited. It is not true, therefore, that because CAFTA created a uniform innocent owner defense in 18 U.S.C. 983d, that the inquiry over Article III standing has now been superseded by Federal law. It's simply not the case. It is still true that we examine whether or not the person has a sufficient ownership interest by looking to State law. And my last point, as this panel has already noted, Mr. Owen seems to have made a studied decision not to argue the merits of the only issue that the district judge confronted, which was whether or not the Margarians have standing. No evidence was produced in contrast to the government's evidence. No inference has been argued contrary to the inferences suggested by that evidence. And indeed, counsel below withdrew in part because he couldn't get a genuine document from his clients in which to answer the government's motion. Unless the Court has any further questions, I'll submit them now. Roberts. Thank you. We'll give you one minute. I guess I'll just repeat. The case comes down to that one statement. What does it mean as far as does it support standing? If the Court determines that the government has standing to proceed, then does the government have standing at the summary judgment motion stage? And these are all threshold issues that the Court has to deal with. If the Court finds that the government has standing, then we can address the merits. I'm saying either way you look at it, this statement doesn't prove anything. Had the attorney said, okay, Anna Hitt took $43,000 and used it to purchase the property, that would be an absolute connection. That would be a clear judicial admission. That's not what happens. So the government's basing its whole case, standing merits, on this one statement. I'm saying that statement isn't going to cut it. Thank you very much. Thank you. Thank both counsel. The case just argued is submitted. That concludes this morning's calendar, and we are adjourned. I'll rise. Ms. Corker, this session is adjourned.
judges: Noonan, Clifton Fogel